JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Justo Pratt appeals his conviction and sentence following his guilty plea in several cases to which he pleaded at the same time. In case number 384238 he pleaded guilty to preparation of drugs for sale with a school yard specification in violation of R.C. 2929.07, a fourth degree felony, and to possession of drugs in violation of R.C. 2925.11, a fifth degree felony. In case number 387181, he pleaded guilty to attempted escape in violation of R.C. 2923.02, a fourth degree felony, for failing to report to his parole officer. Finally, at the same plea hearing, he pleaded guilty to possession of drugs in case number 392881. The charges of possession of criminal tools in the two drug cases were dismissed at the time he made his plea.
 {¶ 2} Prior to entering his plea, defendant had filed a motion in case number 384238 to suppress the evidence obtained during his arrest. After a hearing, the court denied this motion.[1]
 {¶ 3} The facts in case number 384238 are as follows: defendant was leaning into a stopped car in a residential neighborhood. When he saw the police, he handed something to his son, who was standing next to him,[2] then turned and went into a multi-family dwelling nearby. The police followed him into the building and into the apartment of an unrelated woman and her two small children, where he was arrested. In case number 392881, eight months later, he was arrested again for possession of drugs, this time inside a bar. During this time frame, he was also indicted on an escape charge when he failed to report to his parole officer for a one-month period.[3]
 {¶ 4} Four months after entering his plea, but before his sentencing hearing, defendant filed a motion to withdraw his pleas, stating that he had not been informed properly at the sentencing hearing by another judge in the case underlying the escape charge that he was subject to post-release control. He argued, therefore, that because the court failed to inform him of the possibility that he could be subject to post-release control, his escape charge was improper. He claims that because his guilty pleas were all part of a package deal, he should have been permitted to withdraw all the pleas. The court disagreed, allowing him to withdraw the guilty plea in the escape charge but not in the other two cases. The court explained that the subject matter of the drug cases was unrelated and its reasons for allowing defendant to withdraw the plea in the escape case did not apply to the drug charges. The escape charge was later dismissed.
 {¶ 5} At the sentencing hearing, the court stated:
 {¶ 6} "* * * I'm going to give him a choice. You have got the possibility of three and a half years in the penitentiary. * * * Because on count number one in 383238 I can give you a year and a half, on count three I can give you a year, and * * * on the other case, 393881, can give you a year. It is your choice. I will give you two and a half years in the penitentiary right now or I will give you a year and a half [sic], I will give you probation in count three in case 384238 and in case 393881 with the requirement that when you get out you go to the drug treatment program * * *."Tr. at 38.
 {¶ 7} The probation also included a requirement that after completing the residential drug treatment he undergo intensive supervision. Defendant chose the shorter sentence and probation. He now appeals. This is a consolidated appeal of the two drug cases; many of defendant's assignments of error overlap between the two briefs. Those assignments of error that are identical or related will be addressed together.
 {¶ 8} In both cases, for his first assignment of error defendant states:
 {¶ 9} "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA."
 {¶ 10} Assignments of error II in Case No. 80189 and IV in Case No. 80190 both raise a related issue to the first assignments of error and will be addressed here. Those assignments of error state:
 {¶ 11} "II. IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT CONDUCT AN ACTUAL HEARING."
 {¶ 12} Defendant filed a motion to withdraw his plea, in the case at bar when he discovered that the trial court in the previous case upon which the escape charge was based had failed to properly inform him of the post-release control provision in his sentence. Most of this motion addressed his reasons for wanting to withdraw the escape charge. The motion also states a second reason, however, that
 {¶ 13} "* * * the other pleas of guilty should be allowed to be withdrawn because defendant was unaware that he could not appeal any adverse ruling on a motion to suppress. * * * Defendant states that he did not fully comprehend the proceedings. Defendant states that he has limited ability to read and write and because of these deficiencies documents have to be read to him.
 {¶ 14} "Defendant did not fully understand the proceedings and therefore requests leave to withdraw his pleas." Motion to withdraw pleas of guilty, January 12, 2001, at 2-3.
 {¶ 15} At the hearing on the motion, however, defendant never claimed that he did not understand the proceedings. Tr. at 29. Rather, defense counsel claimed that all the pleas should be withdrawn because they were part of a package deal which included the plea on the escape charge.
 {¶ 16} After addressing the issue of post-release control, the court stayed sentencing on the escape charge pending a review of the sentencing hearing transcript from the underlying case. The remainder of the hearing on the motion to withdraw the drug charge pleas continued as follows:
 {¶ 17} "THE COURT: Are you asking to withdraw the plea in all cases as a result of that or only the plea in the escape case?
 {¶ 18} "MR. MANCINO: Well, if we were going to withdraw them they would be all of them because they were done at one time as a sort of a package.
 {¶ 19} "THE COURT: I don't see that this has any relevance to the other cases and I am preparing to simply go ahead and sentence him on the other cases and not sentence him on the escape case.
 {¶ 20} "* * * [Discussion concerning obtaining the file for the escape case ensued.]
 {¶ 21} "THE COURT: Mr. Pratt, I'm going to deny your request to withdraw the plea in [the drug cases]. I have a presentence report in these cases and I am prepared to go ahead and listen to what you and Mr. Mancino have to say. * * *
 {¶ 22} "Are you ready to go ahead?
 {¶ 23} "DEFENDANT: Yes, Your Honor.
 {¶ 24} "* * *." Tr. at 19-20.
 {¶ 25} Defendant alleges that the above colloquy was insufficient to qualify as a hearing on his motion to withdraw his plea for his two remaining cases and that, therefore, the court erred in denying the motion.
 {¶ 26} As this court noted in Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus:
 {¶ 27} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
 {¶ 28} Applying the Peterseim test to the case at bar, we note that defendant does not argue that his counsel was not competent or that his plea hearing failed to comply with Crim.R. 11. Rather, he argues that the hearing on his motion to withdraw his plea was inadequate. Although a hearing on a motion to withdraw must be "complete and impartial," it need not be extensive. State v. Sherrills (Nov. 30, 2000), Cuyahoga App. No. 77178 at *9.
 {¶ 29} The court permitted defendant to address the issues stated in his motion and granted the motion as it applied to the escape charge. The court also allowed him to argue his new defense regarding the intermingling of the pleas but found no basis for it. The court made its decision to exclude two of the cases because the events of the escape case were quite separate from the events of the two other cases. Thus any appeal in the escape case was totally independent of the other two cases. Nor has defendant said what evidence could have been presented at the hearing on this issue.
 {¶ 30} In his written motion at the trial level, defendant claimed that [he did not fully understand his plea,] because he did not understand a guilty plea prevented an appeal of the denial of his motion to suppress,. At the hearing on his motion, however, defendant failed to discuss this objection. Furthermore, defendant was well represented by experienced counsel who no doubt knew of this restriction.[4] At the trial level, defendant indicated that he was satisfied with his representation. Having difficulty reading, defendant explained that his attorney helped him read his plea agreement. Both he and his attorney stated that they were satisfied his rights were not violated at the plea hearing. We must presume that counsel discussed all the appropriate issues with defendant.
 {¶ 31} Defendant admitted on the record that he had been in prison four times before; his discussion concerning his prior prison terms reflected a familiarity with the treatment and education services available to him in prison. Further, he stated he understood the sentencing options the court was giving him for the drug charges after the court refused to allow him to withdraw his pleas to those charges. Additionally, defendant did not raise this argument at the subsequent September 4, 2001 hearing, at which the dismissal of the escape charge was discussed.
 {¶ 32} Also at the withdrawal motion hearing, defendant orally argued, for the first time, again, that the pleas to the escape charges and to the drug charges were inextricably intertwined. The memo supporting the motion, however, made no mention of this argument.
 {¶ 33} The court is required to address at the hearing only those issues raised in the written motion. Because defendant did not raise this argument in the memorandum, this court may decline to address the argument. State v. Thornton (2000), Cuyahoga App. No. 77476, at *6; Statev. Williams (1977), 51 Ohio St.2d 112.
 {¶ 34} Additionally, defendant does not have an absolute right to withdraw his plea, even before his sentencing hearing. Absent an abuse of discretion, an appellate court cannot reverse a trial court's denial of a motion to withdraw a plea. State v. Xie (1992), 62 Ohio St.3d 521, 527. The Supreme Court of Ohio explained this standard of review:
 {¶ 35} "We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'" State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.
 {¶ 36} Applying this standard, we find no abuse of discretion in the trial court's conduct of the hearing on the motion to withdraw and its decision to deny the motion. The first assignment of error is overruled.
 {¶ 37} For his second assignment of error, defendant states:
 {¶ 38} "III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS GIVEN A MAXIMUM SENTENCE."
 {¶ 39} Defendant's second assignment of error in case 80189 is related and will be addressed with the third assignment of error here:
 {¶ 40} "II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO A MAXIMUM TERM OF IMPRISONMENT ON ONE COUNT AND GRANTED COMMUNITY CONTROLLED SANCTIONS ON ANOTHER COUNT WHERE DEFENDANT HAD AN EVIDENT DRUG PROBLEM."
 {¶ 41} Defendant objects to receiving the maximum sentence for the preparation of drugs for sale charge in Case Number 80989. He also argues that the imposition of a prison term and community control sanctions at the same hearing was improper.
 {¶ 42} Addressing the first argument, we note that the court made the necessary findings for imposing the maximum sentence when it addressed defendant at the sentencing hearing. R.C. 2929.14(C) addresses the requirements for imposing a maximum sentence and states in pertinent part that,
 {¶ 43} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 44} Prior courts have interpreted "and" above as disjunctive. Thus only one finding from this list must be specified. The court, however, made two findings. It clearly found both that defendant committed the worst form of the offense as well as that he poses a great likelihood of being a repeat offender. The court also provided, pursuant to R.C. 2929.19(B)(2), the reasons for its findings. This statute states as follows:
 {¶ 45} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 46} "* * *
 {¶ 47} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 48} The court, therefore, is required to give specific reasons for the findings that it makes. In the case at bar, the court stated that it considered the drug sale to which defendant pleaded guilty to be the worst form of the offense because the defendant committed it in a residential neighborhood and "involved" his own son who was present. It also found that because defendant had been to prison four times already for selling drugs, receiving stolen property, and attempted felonious assault, defendant "clearly [is] a person who is most likely to commit future crime" and is "a danger to everybody, including [his ]own family, because of the horrible example" he had set. Tr. at 36. The court did provide, therefore, the necessary findings and its reasons for those findings when it sentenced defendant to the maximum sentence. Defendant complains in his brief that the trial court "stated that defendant was selling drugs in the vicinity of children and this was the worst form drug [sic] sales because defendant was on post-release control." Appellant's brief at 10. This statement misrepresents what the court actually said. The court actually said that defendant's conduct was outrageous because:
 {¶ 49} "He thumbed his nose at the post release [sic] control in the worst possible way because not only was he selling drugs and doing it in a residential neighborhood where people could come, but he got his son involved. So he had his son there with him selling marijuana."
 {¶ 50} Appellant is correct, however, in stating that the court referred to defendant's offense as "selling" drugs when he actually was indicted for and pleaded guilty to preparation of drugs for sale. The court properly sentenced him to a term consistent with the charge to which he pleaded, however. The point the court was making was that defendant was incorrigible in having involvement in drug sales while he was in a residential neighborhood, with his own son present. The court termed this behavior "outrageous." Tr. at 31. Because the court's intention was proper and clear and because the defendant received the appropriate sentence, any error that may be involved in this misstatement is harmless error.
 {¶ 51} Defendant also argues that because Case Nos. 384238 and 392881 involve the same incident, the court's sentence is erroneous in providing for both a term of incarceration and community control sanctions. The basis for this claim is unclear because the events in the two cases occurred eight months apart. Additionally, the first offense involved preparation of marijuana for sale within 1000 feet of a school as well as possession of cocaine, and the second involved possession of cocaine in a bar. Thus R.C. 2929.19(B)(2)(c) does not apply.
 {¶ 52} It is clear from the court's statements at the sentencing hearing that it imposed the community control sanctions and drug treatment for the possession charges, not for the preparation of drugs for sale charge.
 {¶ 53} Defendant claims that in imposing a prison sentence on him, the court failed to acknowledge his drug dependency and need for treatment. As noted above, however, the prison term was imposed for an offense against the community, that is, preparation of drugs for sale to others. This offense does not necessarily have anything to do with defendant's personal drug dependency.
 {¶ 54} Further, the court did expressly acknowledge defendant's drug problem when it ordered him to undergo treatment as a term of his probation for the offense of possession of cocaine. Because the purposes of the two sentences were different, the differences between them is reasonable.
 {¶ 55} These assignments of error are overruled.
 {¶ 56} For his fourth assignment of error in case number 80189, defendant states:
 {¶ 57} "IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT STATED THAT DEFENDANT COULD RECEIVE A SENTENCE OF TWO YEARS FOR A FELONY OF THE FIFTH DEGREE."
 {¶ 58} Defendant's third assignment of error in case number 80190 is essentially the same. It states:
 {¶ 59} "III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERED A SENTENCE OF TWO (2) YEARS FOR A FIFTH DEGREE FELONY IN THE EVENT DEFENDANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL SANCTIONS."
 {¶ 60} Defendant notes that the court stated in case number 384238 that he could recieve two years for possession of drugs if he violated his probation.
 {¶ 61} In case number 384238, the court's journal entry states in pertinent part:
 {¶ 62} "THE COURT CONSIDERED ALL OF THE REQUIRED FACTORS OF THE LAW.
 {¶ 63} "* * *
 {¶ 64} "IN REGARDS TO COUNT TWO,[5] THE COURT FINDS THAT A COMMUNITY CONTROL SANCTION WILL ADEQUATELY PROTECT THE PUBLIC AND WILL NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE. IT IS THEREFORE ORDERED THAT THE DEFENDANT IS SENTENCED TO 5 YEARS OF COMMUNITY CONTROL, UNDER THE SUPERVISION OF THE ADULT PROBATION DEPARTMENT WITH THE FOLLOWING CONDITION(S): RESIDE AT, PARTICIPATE IN AND SATISFACTORILY COMPLETE DRUG TREATMENT AT CASA ALMA WHEN PRISON SENTENCE CONCLUDES UNDER COUNT ONE IN CR 384238; BE SUPERVISED BY INTENSIVE SPECIAL PROBATION AFTER RELEASE FROM CASA ALBA * * *.
 {¶ 65} "VIOLATION OF THE TERMS AND CONDITIONS MAY RESULT IN MORE RESTRICTIVE SANCTIONS, OR A PRISON TERM OF 2 YEARS UNDER COUNT THREE * * *." Journal entry, July 18, 2001.
 {¶ 66} Count three of this case is possession of cocaine in an amount of five grams or less, which is a felony of the fifth degree. The maximum sentence for a fifth degree felony is twelve months. R.C.2929.14(A)(5) ("For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.")
 {¶ 67} Defendant is correct when he observes that the court may not impose two years for this offense. The journal entry appears to be a clerical error, however, because in the judgment entry for case number 393881, the court's language is identical to that quoted above for count three of case number 384238.
 {¶ 68} We note that defendant pleaded guilty to two separate violations of R.C. 2925.11, once for the possession of cocaine in case number 384238 and once for possession of cocaine in case number 393881. It appears that the court intended to impose consecutive one-year sentences in each case in the event of a violation of the probation which was applicable to both cases. If each sentence ran consecutively, the total sentence for the two fifth degree felonies would be two years. We remand this case to the trial court for correction of the journal entries.
Affirmed and remanded.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The record on appeal does not contain a transcript of the suppression hearing.
[2] The record does not indicate the age of his son.
[3] This separate case is not a subject of this appeal.
[4] Defendant does not claim ineffective assistance of counsel; that is, he does not claim his counsel failed to advise him of the consequences of his plea. Nor could such an error in his appeal be assigned here because defendant is represented by the same counsel as at the trial level.
[5] The possession of drugs charge was actually count three of this indictment. Count two was the possession of criminal tools charge which was dismissed.